## No. 12,069.

## REED v. OLSON.

Decided May 7, 1928. Rehearing denied May 28, 1928.

Action in replevin.   Judgment for plaintiff.

### *Affirmed.*

1.   REPLEVIN—*Identity of Property.*   In a replevin action involving pos-
session of a diamond, it is held that the jury was justified in
finding from the evidence that the diamond was the identical
one which belonged to husband of plaintiff, and that she was en-
titled to its possession.

*Error to the District Court of the City and County of
Denver, Hon. Frank McDonough, Sr., Judge.*

Mr. THOMAS H. GIBSON, Mr. FRANK L. HAYS, for plain-
tiff in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for defend-
ant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

BERTHA Olson brought this action against Robert F.
Reed, chief of police of the City and County of Denver,
to recover the possession of a certain diamond described
in the complaint as a "one and one-eighth carat white
diamond," which the plaintiff alleges was taken from one
Theora Hoffman, in connection with an investigation
made by the officers of the state of the murder of John
Olson, plaintiff's deceased husband.   It seems that the
body of John Olson was found in Weld county and his

death is supposed to have been the result of murder. At different times Mrs. Olson, Miss Hoffman and one Haining have been suspected of, or charged with, the homicide. The investigation of this murder was carried on by the police department of the city of Denver and by the sheriff of Weld county. It was during such investigation that the defendant Reed took from Theora Hoffman a diamond corresponding to that described in the complaint, ownership and the right of possession of which Bertha Olson claims in this action. The defendant in his answer does not claim title to the diamond, but contends that the plaintiff is not the owner thereof or entitled to its possession. Plaintiff's ownership is through inheritance from her deceased husband. There is no direct testimony identifying the diamond as the one that Olson had on his person at the time of the homicide. Upon issues of fact tendered by the defendant's answer, the case was tried to a jury. Much testimony was heard and the jury found for the plaintiff that she was the owner and entitled to the possession of the property.

The principal question and, in fact, the only one here argued by the defendant Reed against the validity of the judgment is, that the evidence produced before the jury is not sufficient to sustain the jury's finding that the diamond which the defendant took from Theora Hoffman is the identical diamond which was taken from the body of John Olson. It is said by counsel for plaintiff in error here that even if plaintiff sufficiently established, as the sole heir at law of John Olson, that she was, as against the defendant, the owner and entitled to the possession of all of Olson's property, her proof falls short of that certainty and precision, required in actions of replevin, that the Olson diamond is the identical one which Reed took from Hoffman and now has in his possession. It is a well known fact that there are no ear marks on a diamond and no positive means of identification. It is said by counsel that the Denver police department has been trying for nearly two years to ascer-

tain whether or not the diamond which the defendant has is the one taken from Olson's body. Counsel say there is absolutely no evidence whatever that the diamond taken from Hoffman is in fact the Olson diamond, with the possible exception of a statement by the plaintiff that Haining stated in the plaintiff's presence that he had bought the ring which he had in his possession from Mrs. Olson before Olson's death. We think this statement of Haining is of more significance than the defendant gives to it. If it be true, as Haining said, that this ring which the defendant holds is the diamond which he bought from Mrs. Olson, the jury might well have believed, and as a conclusion therefrom, taken in connection with the other pertinent testimony, found that the identity had been shown, although they may have also disbelieved that Haining bought it from Mrs. Olson, but himself took it from Olson's body, or received it from someone who had taken it from his body.

Since the only objection that has been urged and which it is proper to observe, and a careful reading of the entire record satisfies us, that it is the only possible point upon which a reversal of the judgment could be had, is as to the identity of the diamond in question, we cannot say that the jury was not justified in its finding that the so-called Olson, is the same as the Hoffman, diamond. The testimony of both sides took a wide range. We find no improper or harmful ruling by the trial court. Indeed, the only error assigned or argued by plaintiff in error is restricted solely to the question of identity of the property in dispute. We cannot say that the judgment was not right. It is, therefore, affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.